The Honorable Robert S. Moore, Jr. State Representative Post Office Box 446 Arkansas City, Arkansas 71630-0446
Dear Representative Moore:
I am writing in response to your request for an opinion on the following:
 The McGehee School District would like to deed a school building to Desha County for a permissible educational purpose. Are there any statutory or constitutional problems with deeding a school building located in a school district with bonded indebtedness to a county? (The District has been assured that the bonded indebtedness is separate from the school building.)[1]
RESPONSE
I will assume as an initial matter that you are correct in reporting that the outstanding bonds will remain the obligation of the McGehee School District, and that deeding the school building to the county will in no way affect the bonded indebtedness. Accordingly, this indebtedness would not appear to factor into the analysis of whether such deeding of school property to the county would be problematic under either the constitution or statutes. *Page 2 
I have no specific information regarding the conveyance at issue, other than your statement that the school district would like to deed a school building to the county for an educational purpose. I will note, however, that if by "deeding" the building to Desha County, the McGehee District would be donating the property to the county, such action in my opinion would clearly run afoul of Ark. Const. art. 14, § 3, which provides that no local school district taxes "shall be appropriated to any other district than that for which it is levied," and Ark. Const. art. 16, § 11, which provides that "[n]o tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose." A school board's discretion to dispose of district property is clearly bounded by the terms of these constitutional provisions. Accord Op. Att'y Gen. Nos.2004-056 and 2001-102 (opining that the gratuitous transfer of school district property is barred by the constitution and statutes).
I will also note, however, that the school district is generally authorized to sell property to the county for adequate consideration. A.C.A. § 6-13-620(a)(3) (Supp. 2007). See also Op. Att'y Gen. 2004-056. Additionally, such consideration may be in the form of a "public advantage," see Op. Att'y Gen. 2004-213, that promotes a "general, suitable and efficient system of free public schools." Ark. Const. art. 14, § 1. See also Op. Att'y Gen. 2005-300. This prompts me to note your statement that the McGehee School District would like to deed the school building to Desha County "for a permissible educational purpose." This might be interpreted as suggesting an element of consideration supporting the conveyance. Any question concerning the existence or adequacy of consideration is intensely factual, as it requires consideration of all the specific circumstances surrounding the deeding of the property, including the "permissible educational purpose" that you have referenced. I have no information in this regard, and I cannot in any event undertake the necessary fact-finding process. I can set out some general guidelines, but the specific question concerning the deeding of the school building ultimately must be answered on the local level, ideally with the assistance of local counsel.
I agree with my predecessors that generally, the "public advantage" that might support the conveyance of school property "must be directly related to advancing free, fair and efficient public education." Op. Att'y Gen. 2004-056. As my predecessor observed: *Page 3 
 [S]chool districts are authorized by statute to sell, rent or exchange their property if doing so is reasonably related to the goal of providing a "general, suitable and efficient system of free public schools." Ark. Const. art 14, § 1; A.C.A § 6-13-620(3) (Supp. 2003). I will further note that the Arkansas Supreme Court has held that in certain circumstances "public advantage" can constitute adequate consideration for a sale. See City of Blytheville v. Parks, 221 Ark. 734, 255 S.W.2d 962 (1953). Given the fact that a school district's sole priority under the constitutional mandates discussed above is the advancement of its student's [sic] educational interests, I believe the "public advantage" that might constitute an element of consideration supporting a sale of district property must be directly related to advancing free, fair and efficient public education.
(Emphasis added.)
A school district may not, on the other hand, gratuitously donate school property. See Op. Att'y Gen. 2004-213 (citing several previous Attorney General Opinions and noting that "donating school district properties to a city or county would run afoul of Ark. Const. art. 14, § 3, . . . and Ark. Const. art. 16, § 11.[2]
With regard to donating school property, I note in particular that A.C.A. § 6-21-108 (Supp. 2007) authorizes the "donation" of property no longer needed by a district, id. at (b)(1), to certain designated recipients, i.e., public institutions of higher education, technical institutes, community colleges, and non-profit organizations, for certain "limited purposes." Id. The term "donation" as used in this statute is somewhat of a misnomer, in that the legislature apparently has determined that the stated purposes — which include holding classes and providing after-school programs for district students — satisfy the constitutional directive that "the State shall ever maintain a general, suitable and efficient system of free public schools." Ark. Const. art. 14, § 1. Accord Op. Att'y Gen. 2005-300 (opining that the *Page 4 
purposes set forth in A.C.A. § 6-21-108 "clearly qualify as effecting a `public advantage' to education consistent with the provisions of Article 14, § 1.")
I mention this statute simply because counties clearly are not among the authorized recipients of a "donation" of school district property, as contemplated by the statute. Nor has my research disclosed any other statute such as this that would provide specific authority for the McGehee School District's transfer of school property to the County. Accordingly, I believe it will be necessary to establish as a factual matter that the deeding of the school building to Desha County sufficiently advances the McGehee School District's direct interests to constitute adequate consideration supporting a sale of the property.See again Op. Att'y Gen. 2004-056.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] You state with regard to the "bonded indebtedness" that "[a]fter the consolidation of the Arkansas City School District into McGehee School District, McGehee assumed a $1,000,000.00 bonded debt from the Arkansas City School District." In a memorandum that was attached to your request, the superintendent of the McGehee Schools states that Stephens, Inc. assures her that this indebtedness "is separate from the building and remains the responsibility of McGehee School District through 2024." Memo from Dr. Barbara Wood to Dr. Ken James, Scott Smith and Rep. Robert Moore (May 6, 2008).
[2] As several of my predecessors have noted, one Arkansas Code section — A.C.A. § 14-169-803 — provides authority for a school district to donate property to an "urban renewal project" or a "neighborhood development project." Id. See Op. Att'y Gen. Nos. 2004-056 and 2001-102. As also noted in the latter opinion, however, this is a "very narrowly tailored authorization." This office subsequently observed, moreover, that "to the extent A.C.A § 14-169-803 purports to authorize any gratuitous transfer of school property, it may be legally suspect as conflicting with [Ark. Const. art. 16, § 11 and art. 14, §§ 2 and 3]." Op. 2004-056 at n. 1. *Page 1